UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENA GRIFFITH,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>BOLL & BRANCH, LLC,<br><br>　　　　　　　　　　Defendant. | Case No.: 19cv1551 JM (LL)<br><br>**ORDER ON DEFENDANT'S MOTION TO DISMISS OR TRANSFER VENUE** |

Defendant Boll & Branch, LLC ("Defendant) moves to dismiss for improper venue, or alternatively, to transfer this action to the District of New Jersey or Central District of California, pursuant to 28 U.S.C. §§ 1404 and 1406. (Doc. No. 21-1.) Plaintiff Dena Griffith ("Plaintiff") opposes. (Doc. No. 26.) The motion has been fully briefed and the court finds it suitable for submission without oral argument in accordance with Civil Local Rule 7.1(d)(1). For the below reasons, Defendant's motion to dismiss for improper venue is **GRANTED**. Defendant's motion to transfer venue is **DENIED**.

## I.    BACKGROUND

Plaintiff resides in Riverside County, California.[1] On or about August 5, 2019, Plaintiff used her cell phone to call Defendant's toll-free customer service number to ask

---

[1] The body of Plaintiff's Complaint states that Plaintiff is a resident and citizen of California. (Compl. ¶ 3.) The civil cover sheet indicates that she resides in Riverside County. (Doc. No. 1-1 at 1.)

about placing an online order. (Compl. ¶ 12.) Plaintiff's cell phone number has a (619) area code. (*Id.* ¶¶ 3-4.) Plaintiff ended the call shortly after being connected with Defendant's customer service representative because she found the answer to her question online. (*Id.* ¶12.) Plaintiff did not provide her phone number to Defendant's customer service representative or consent to receive calls or text messages. (*Id.* ¶¶ 12-13.) Shortly after placing the call, Plaintiff received multiple unsolicited text messages from Defendant thanking her for contacting its customer service line. (*Id.* ¶ 14.) The text messages were from a number with an (832) area code that belonged to Defendant or Defendant's agent. (*Id.* ¶ 15.) Defendant acquired Plaintiff's phone number via surreptitious "number trapping" technology provided by Twilio, Inc., Iterable, Inc., and/or Zendesk, Inc. (*Id.* ¶¶ 18, 21.)

On August 18, 2015, Plaintiff filed her Complaint on behalf of all persons who, between August 18, 2015 and the present, called Defendant's customer service line and thereafter received text messages via Twilio's "Copilot" technology. (*Id.* ¶ 21.) In her Complaint, Plaintiff alleges violation of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227. Plaintiff also seeks class certification, injunctive relief, statutory damages, and attorney's fees.

**II.     DISCUSSION**

Defendant argues that venue is improper and inconvenient because (1) Defendant does not reside in this district, and (2) no part of the alleged events giving rise to Plaintiff's claim occurred in this district. (Doc. No. 21-1 at 7-13.) Plaintiff argues that Defendant waived its opportunity to challenge venue or personal jurisdiction by (1) failing to raise improper venue as an affirmative defense in its Answer or by filing a pre-answer motion, and (2) actively litigating the case for three months. (Doc. No. 26 at 6-11.) For the below reasons, venue is improper in the United States District Court for the Southern District of California (hereinafter "this district"). Furthermore, an order transferring the case is not in the interest of justice.

**A.     Waiver**

In her Complaint, Plaintiff states that venue is proper in this district because Plaintiff is a resident and citizen of California and because her claims arose in substantial part from actions Defendant purposefully directed towards this district. (Compl. ¶ 3.) In its Answer, Defendant did not list improper venue or lack of personal jurisdiction as affirmative defenses. (Answer at 7-8.)   Instead, Defendant stated it was without knowledge or information sufficient to enable it to admit or to deny whether venue was proper, or whether the court had personal jurisdiction over Defendant, and therefore denied the same. (Answer ¶ 4.) Defendant argues that its denial sufficed to raise and preserve its improper venue and lack of personal jurisdiction defenses. (Doc. No. 21-1 at 7 n.2.)   Defendant also argues that it did not waive these defenses by its conduct. (Doc. No. 27 at 2-6.)

### 1.     Failure to Raise in Answer

Improper venue or lack of personal jurisdiction are waived as defenses if not raised either in a pre-answer motion or an answer. Fed. R. Civ. P. 12(h)(1); *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986) ("A defendant must object to venue by motion or in his answer to the complaint or else his objection is waived."); *see also City of S. Pasadena v. Mineta*, 284 F.3d 1154, 1156 (9th Cir. 2002) ("[M]ost jurisdictional objections – such as defects in personal jurisdiction, venue or service of process – are waived unless asserted early in the litigation."). Improper venue and lack of personal jurisdiction are not included in the list of affirmative defenses under Rule 8(c). Consequently, district courts have found that failure to raise these defenses as affirmative defenses in an answer does not necessarily waive the opportunity to challenge venue and personal jurisdiction in a post-answer motion, as long as those defenses are raised in some manner in the answer. *See McCurley v. Royal Seas Cruises, Inc.*, Case No. 17cv986 BAS (AGS), 2019 WL 3006469, at *4 (S.D. Cal. July 10, 2019) (all the defendant must do to preserve a lack of personal jurisdiction defense is "simply invoke" the defense in its "first defensive move"); *Rillito River Solar LLC v. Wencon Dev. Inc.*, Case No. 16cv03245 PHX (DLR), 2017 WL 5598228, at *3 (D. Ariz. Nov. 21, 2017) (improper venue may be challenged in a post-answer motion to

dismiss if the objection was preserved in the answer); *Infogation Corp. v. HTC Corp.*, Case No. 16cv1902 H (JLB), 2017 WL 2869717, at *2 (S.D. Cal. July 5, 2017) (defendant's denial in an answer that venue is proper may be sufficient to avoid waiver); *Bridgeport Enterprises, Inc. v. ValCom, Inc.*, Case No. 12cv7159 GHK (FMO), 2013 WL 12129388, at *1 (C.D. Cal. Mar. 29, 2013) (denying proper venue and personal jurisdiction in an answer, as opposed to affirmatively asserting it, is sufficient to avoid waiver); *Yocum v. Rockwell Med. Techs., Inc.*, Case No. 12cv568 MMA (MDD), 2012 WL 2502701, at *2 (S.D. Cal. June 27, 2012) ("[C]ourts are split on allowing post-answer motions to dismiss, and no bright-line rule against allowing such a motion exists in the Ninth Circuit[.]"); *Jaliwa v. Concerned Citizens of S. Cent. L.A.*, Case No. 06cv2617 BTM (LSP), 2007 WL 2021818, at *2 (S.D. Cal. July 10, 2007). In its Answer, Defendant denied that venue was proper and denied that it was subject to the court's personal jurisdiction. Defendant therefore did not waive these defenses by failing to raise them as affirmative defenses in its Answer, or by bringing them in the instant post-Answer motion.

### 2. Waiver by Conduct

"Most defenses, including the defense of lack of personal jurisdiction, may be waived as a result of the course of conduct pursued by a party during litigation." *Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1318 (9th Cir. 1998), *as amended on denial of reh'g and reh'g en banc* (June 15, 1998). This includes the defense of improper venue. *Misch on Behalf of Estate of Misch v. Zee Enter.'s, Inc.*, 879 F.2d 628, 631-32 (9th Cir. 1989); *see also Wordtech Sys. Inc. v. Integrated Network Sols., Corp.*, Case No. 2:04cv1971 TLN, 2014 WL 2987662, at *3 (E.D. Cal. July 1, 2014) ("[M]erely filing an initial venue objection does not preclude subsequent waiver of the objection."). In *Misch*, the Ninth Circuit held that an improper venue defense is waived by conduct that "constitutes a tacit admission on the part of the movant that the court has personal jurisdiction, that venue is properly laid there, and that the court should dispose of the case on its merit." 879 F.2d at 631-32. The court found that filing a motion for summary judgment prior to a motion to dismiss resulted in waiver of an improper venue defense.

4

19cv1551 JM (LL)

*Id.*; *see also Lynch v. Alaska Tanker Co., LLC*, Case No. 03cv2484 CW, 2004 WL 2496153, at *3 (N.D. Cal. Nov. 4, 2004).

Plaintiff argues that Defendant waived its improper venue defense by, over the course of four months, negotiating and proposing case schedules, briefing schedules, discovery orders, protective orders, and electronically stored information protocol. (Doc. No. 26 at 9.) Plaintiff also points out that Defendant moved for *pro hac vice* admissions, participated in an Early Neutral Evaluation (ENE) Conference, and propounded document requests, interrogatories, and requests for admission. (*Id.* at 9-10.) Defendant argues that by participating in the ENE and propounding discovery it was merely complying with the court's orders, as well as the court's Local Rules and the Federal Rules of Civil Procedure. (Doc. No. 27 at 5.)

Defendant's conduct is not comparable to filing a motion for summary judgment and does not otherwise constitute a tacit admission that venue is proper in this district. *See Wyles v. Sussman*, Case No. 17cv7722 DMG (SK), 2019 WL 6899069, at *2 (C.D. Cal. Aug. 6, 2019) (finding that filing an anti-SLAPP motion does not waive objection to personal jurisdiction because it is not akin to filing a motion for summary judgment). Most of Defendant's conduct was prompted by court orders. Defendant was ordered to participate in the ENE, (Doc. No. 6), and did so after a joint motion to continue the ENE was denied. (Doc. No. 8.) Furthermore, negotiating schedules and aspects of discovery, as well as making initial disclosures, is part of the court's mandatory ENE process and required by Federal Rule of Civil Procedure 26. *See Meras Eng'g, Inc. v. CH2O, Inc.*, Case No. 11cv389 EMC, 2013 WL 146341, at *9 (N.D. Cal. Jan. 14, 2013) ("[P]articipating in mediation, agreeing to a discovery schedule, and providing initial disclosures" does not amount to waiver where defendant "also continued to raise the issue of venue[.]"). In its reply, Defendant's counsel attaches an October 30, 2019 e-mail raising the issue of venue with Plaintiff's counsel. (Doc. No. 27-1 at 2.) Defendant also states that it raised the improper venue issue at the ENE on November 7, 2019. (Doc. No. 27 at 3.)

Defendant's multiple requests for counsel to appear *pro hac vice* also do not suggest a tacit admission of proper venue, only that out-of-district counsel wished to appear before the court on behalf of Defendant, which they did in the instant motion. *See Freeney v. Bank of Am. Corp.*, Case No. 15cv2376 (MMM) PJW, 2015 WL 4366439, at *20 (C.D. Cal. July 16, 2015) ("[C]ounsels' filing of initial appearances or motions for admission *pro hac vice* are not the defensive moves in which a waiver of personal jurisdiction can occur."). Finally, Defendant's conduct and delay in filing the instant motion does not rise to the level that other courts have found sufficient to constitute waiver. *See Infogation Corp.*, 2017 WL 2869717, at *3 (in patent case, prior to filing motion to dismiss for improper venue, defendants litigated the case for a year, including by serving invalidity contentions, filing two motions to stay, filing a motion for judgment on the pleadings, and participating in claim construction of the patent); *see also Meras*, 2013 WL 146341, at *8 (noting that courts have found implied waiver of venue where a party repeatedly represented that venue was appropriate, or actively pursued substantive motions, but not where parties merely participated in pretrial motions, moved to dismiss after discovery, or where the opposing party was not prejudiced by dismissal). Accordingly, Defendant did not waive its improper venue and personal jurisdiction defenses based on its conduct.

### B. Improper Venue

Plaintiff bears the burden of showing that venue was properly established in the district in which the case was filed. *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). "A prima facie showing of proper venue is sufficient to defeat a motion to dismiss." *Nissan Motor Co. v. Nissan Computer Corp.*, 89 F. Supp. 2d 1154, 1161 (C.D. Cal.), *aff'd*, 246 F.3d 675 (9th Cir. 2000). For the below reasons, Plaintiff has not met her burden.

#### 1. Defendant's Residency

Under the general venue statute, 28 U.S.C. § 1391(b), venue is proper (1) in the judicial district where Defendant resides; (2) in the judicial district "in which a substantial part of the events or omissions giving rise to the claim occurred;" or (3) if there is no district

in which an action may otherwise be brought, the judicial district in which Defendant is subject to the court's personal jurisdiction. 28 U.S.C. §§ 1391(b)(1)-(3). "For all venue purposes," a limited liability company resides in "any judicial district in which it is subject to the court's personal jurisdiction with respect to the civil action in question." *Id.* at § 1391(c)(2). In states with multiple districts, corporate defendants reside "in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State[.]" *Id.* at § 1391(d). In making venue determinations, the Ninth Circuit has expanded this test to apply to entities such as partnerships and associations. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986); *see also Lindora, LLC v. Isagenix Int'l, LLC*, 198 F. Supp. 3d 1127, 1146 (S.D. Cal. 2016) (conducting a "district-specific jurisdictional analysis" of limited liability company's residency under §1391(b)(1) and (d)).

The parties dispute whether sending unsolicited text messages to a cell phone number with a (619) area code that were received by a person residing in this state, but outside of this district, is sufficient to establish proper venue in this district. Plaintiff argues that "[v]enue is proper because [Defendant] is subject to specific personal jurisdiction here and thus 'resides' in this District for the purpose of this case." (Doc. No. 26 at 11.) In support of this argument, Plaintiff contends that "[c]ountless courts throughout California and nationwide have held such facts sufficient to support specific jurisdiction (and thus venue) in the forum of the target area code." (*Id.* at 12.) In response, Defendant argues the cases cited by Plaintiff are distinguishable because those cases involve some connection to the district beyond simply the area code of the plaintiff's cell phone number. (Doc. No. 27 at 8.)

District courts in California have found that out-of-state companies subject themselves to California's specific personal jurisdiction in TCPA cases by directing text messages or calls to phone numbers with California area codes that are received by California residents while those residents are present in California. These courts have not, as Plaintiff suggests, found the connection between a phone number's area code and an

actual geographic area to establish *per se* personal jurisdiction over the sender, or proper venue, in the judicial district corresponding to that area code.[2] For example, in *Moser v. Health Ins. Innovations, Inc.*, Case No. 17cv1127 WQH (KSC), 2018 WL 325112, *4 (S.D. Cal. Jan. 5, 2018), which Plaintiff cites, the court found personal jurisdiction in a TCPA case over an out-of-state corporate defendant that made calls to an area code corresponding to this district. The court stated, "[t]he effects test is satisfied by a plaintiff's uncontroverted allegation that a defendant violated the TCPA by calling a phone number with a forum state area code." *Id.* (listing cases). The court analyzed the defendant's contacts with the state rather than conducting a district-specific analysis of personal jurisdiction to determine the appropriateness of venue under § 1391(b)(1) and (d). Furthermore, the plaintiff in *Moser* was a district resident who received calls on both his cell phone and residential telephone line. *See* Complaint at ¶¶ 1, 37-38, 41, *Moser*, Case No. 17cv1127 (S.D. Cal. June 5, 2017).

Additionally, in *Fishman v. Subway Franchisee Advert. Fund Tr., Ltd.*, Case No. 2:19cv2444 ODW (AS), 2019 WL 6135030 (C.D. Cal. Nov. 19, 2019), the court stated, "[i]n determining whether phone calls or text messages are sufficient contacts with the forum state, district courts have focused on whether the defendant knew or should have known that its calls or text messages were sent into California." *Id.* at *6 (listing cases; internal quotation marks omitted). Again, however, the court analyzed the Defendant's contacts with the state, rather than conducting a district-specific analysis of whether venue was appropriate under § 1391(d). The plaintiff in *Fishman* also resided in the district and the defendant had multiple stores in the district. *See* Complaint at ¶¶ 4-5, *Fishman*, Case No. 2:19cv2444 (C.D. Cal. Mar. 1, 2019).

---

[2] Plaintiff does not discuss the nature of the connection between an area code and a particular geographic region in light of the expansive use of cell phones. For example, Plaintiff does not discuss whether purchasers of cell phone services are required to use phone numbers with area codes that correspond to the area in which the account holder resides or where they receive their cell phone bills.

Finally, in *Luna v. Shac, LLC*, Case No. 14cv0607 HRL, 2014 WL 3421514, at *3 (N.D. Cal. July 14, 2014), the court found it had specific personal jurisdiction over the defendant because the defendant sent text messages "directly to the California cell phones of California residents." While the court denied a motion to dismiss for improper venue, it did not conduct a district-specific analysis. *Id.* at *4. The court noted, however, that in addition to having a cell phone number with the district's area code, the plaintiff resided in the district and received the offending text messages while he was in the district. *Id.* at *1.

"Because California is a state with multiple judicial districts, the Court must conduct a district-specific jurisdictional analysis, treating the Southern District of California as a separate state." *Lindora*, 198 F. Supp. 3d at 1146. The cases cited by Plaintiff do not support proper venue in this district because the courts did not need to address the judicial district's personal jurisdiction over the defendants given that the plaintiffs all resided within the district or received calls or text messages while in the district. Plaintiff cites no case, and the court is aware of none, finding that venue in a TCPA or analogous claim is proper in the district corresponding to the area code of the cell phone that received the text message or phone call based solely on the area code. The only connection between this district and the instant case consists of Defendant's text messages to a (619) area code. This, standing alone, is insufficient for venue. Plaintiff admits she resides in the Central District of California (Riverside County) and Plaintiff is not claiming that she was in this district when she made the call to Defendant's customer service line or when she received the text messages from Defendant. Nor does Plaintiff claim the text messages were transmitted through this district. Plaintiff also admits that Defendant's "agents or affiliates" who allegedly participated in obtaining Plaintiff's phone number are headquartered in San Francisco (the Northern District of California). (Doc. No. 26 at 4-5 n.1.) Plaintiff further acknowledges that Defendant is incorporated in Delaware and headquartered in New Jersey, (Compl. ¶ 5), and recognizes "some relevant documents and employee witnesses" may be located in New Jersey. (Doc. No. 26 at 17.) Therefore, based on the Complaint, it can be reasonably inferred that the only potential contact Defendant

had with California occurred in the Central District, or perhaps the Northern District. Plaintiff therefore fails to meet her prima facie showing of proper venue in this district based on Defendant's residency.

### 2. Other Grounds for Proper Venue

The general venue statute also states that venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). This district is not a proper venue under § 1391(b)(2) because, as discussed above, Plaintiff does not allege that any call or text message was made, sent, received, or intercepted in this district. Plaintiff also does not claim that Defendant's agents surreptitiously obtained her phone number while in this district. Under the "substantial part of the events" test, venue may be proper in the district where Plaintiff received the text messages or the district from which the calls originated. *See Schneider v. Bishop*, Case No. 12cv1998 JM (DHB), 2012 WL 5948465, at *2 (S.D. Cal. Nov. 27, 2012); *Sapan v. Dynamic Network Factory, Inc.*, Case No. 13cv1966 MMA (WVG), 2013 WL 12094829, at *3 (S.D. Cal. Nov. 25, 2013) (calls made to a home phone in the district satisfies § 1391(b)). Plaintiff does not contend that she received the text messages while in this district or that the text messages originated from this district.

Additionally, under § 1391(b)(3), "if there is no district in which an action may otherwise be brought, [venue is proper in] any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." If there is no district with personal jurisdiction, the last clause of § 1391(d) provides that corporate defendants "shall be deemed to reside in the district within which it has the most significant contacts." Venue in this district is not appropriate under § 1391(b)(3) or the last clause of § 1391(d) because venue is proper under §§ 1391(b)(1) and 1391(b)(2) in the District of New Jersey, or perhaps the Central or Northern Districts of California. Plaintiff does not dispute that Defendant resides in New Jersey, or that the District of New Jersey is a proper
10

19cv1551 JM (LL)

forum.[3] Accordingly, venue is also improper in this district under §§ 1391(b)(2) and the last clause of § 1391(d).

### C. Transfer

Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong . . . . district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Transfer pursuant to the convenience of the parties under 28 U.S.C. § 1404(a) is not available unless the transferor court is a proper venue. *Jaeger v. Howmedica Osteonics Corp.*, Case No. 15cv164 HSG, 2016 WL 520985, at *6 (N.D. Cal. Feb. 10, 2016). As discussed above, under the general venue provision relied upon by Plaintiff, venue is improper in this district. The burden Plaintiff suffered by participating in some aspects of early litigation is minimally prejudicial. Also, Plaintiff does not argue that the court should transfer the case to any particular district should the court find this district to be an improper venue, or that dismissal, rather than transfer, would prejudice her. Accordingly, an order transferring the case is not necessary or in the interest of justice.

### III. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss for improper venue is **GRANTED**. Defendant's motion to transfer venue is **DENIED**. The Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

DATED: February 3, 2020

JEFFREY T. MILLER
United States District Judge

---

[3] This court's order and discussion of potentially proper venues is not meant to prevent or interfere with any other district court from making its own determination as to the appropriateness of venue should this case be refiled elsewhere.